# DAVIS v. BOARD OF COMMISSIONERS OF SWEET-WATER COUNTY.

SALARY OF JUSTICE OF THE PEACE—DETERMINATION BY BOARD—CONSTITUTIONAL LAW.

1. The determination by the board of county commissioners that the office of justice of the peace in a certain precinct is a salaried office under the constitution (Art. 14, sec 1) and the statute (Laws 1890-91, ch. 55) will not be disturbed, on the ground that the board did not proceed upon satisfactory evidence, in the absence of proof that the board erred in its determination of the fact.

2. Where a person was elected to the office of justice of the peace in a precinct which, at the time of his election, contained a sufficient population to make the office a salaried one, the salary of that officer is not increased after his election by an order of the board of commissioners made and entered at a time subsequent to such election declaring the precinct one in which a salary should be paid to such officer; and section 32 of Art. 3 of the Constitution is not violated thereby. (Board of Comrs. v. Burns, 3 Wyo., 691, distinguished.)

[Commenced in District Court April 3, 1893—Decided January 16, 1894.]

ERROR to the District Court of Sweetwater County, HON. JESSE KNIGHT, Judge.

This was an action brought by Thomas E. Davis, as a resident taxpayer of Sweetwater county against the board of the county commissioners of Sweetwater county, to restrain the payment of a salary to Robert Smith, a justice of the peace of a precinct in Rock Springs. Judgment was for defendant and the plaintiff prosecuted error. The material facts appear fully stated in the opinion.

*E. E. Enterline* and *John F. Mail*, for plaintiff in error.

Counsel for plaintiff in error argued and contended that the order of the board declaring the precinct in which

the justice had been elected, a salaried one was improperly made, that it was retroactive and therefore void. That the presumption under the statute was that the population of the precinct was less than 1,500 until overcome by competent evidence, and that, as the officer after his qualification, for a month, at least, had received fees, and the salary exceeded the fees of the office, the order had the effect to increase his salary during his term, and was therefore void as in violation of Sec. 32, Art. 3, of the Constitution; and cited the following authorities. (Board v. Burns, 3 Wyo., 691; Gulding v. Schuylkill Co., 149 Pa. St., 210; Larew v. Newman, 81 Cal., 588; Barnes v. Williams, 13 S. W., 845; Dougherty v. Austin, 94 Cal., 601; Welsh v.. Bramlet, 98 Cal., 219.)

*Louis J. Palmer* and *Clarence C. Hamlin,* for defendant in error.

In a proceeding in error the findings of fact will not be reversed. The appellate tribunal will not disturb the finding of the lower court unless it is clear that such court has erred as to the law. (Hawes Jur. of Courts, Sec. 257.) The order of the board was made at its first regular meeting after the qualification of its members. The compensation of the officer was not increased or diminished during his term. The order was based upon the condition of affairs antecedent to his election.

GROESBECK, CHIEF JUSTICE.

Robert Smith was elected one of the justices of the peace for Sweetwater County, Wyoming, in one of the justice's and constable's precincts of said county, also designated as election district number three, which comprised two election or polling precincts. The justice's precinct was established by order of the county commissioners on the 6th day of October, 1892, and the election was held November 8, 1892. Said Smith qualified as such justice of the peace on or about the 4th day of January, 1893, and on the 7th day of February, 1893, the board of county commissioners of the county adopted the following order: "On motion made by Thos. Sutton and seconded by E. P. Maxon, Rock Springs justice

precinct Nos. 1 and 2—district number three—are hereby
made a salaried precinct from Feb. 1st, 1893." At the same
meeting, the county board audited and allowed the bill of
said Robert Smith, the justice of the peace of said pre-
cinct, for the sum of $15.00 for office rent for the month
of February, 1893. The action brought by the plaintiff in
error was, in effect, to enjoin the board from making the
precinct a salaried precinct and from making any further
payment of office rent to said justice of the peace. The dis-
trict court gave judgment for the plaintiff in error upon
the pleadings, as to the second cause of action of his peti-
tion, containing this allegation of the unlawful allowance
for office rent, and enjoined the board of county commis-
sioners from auditing and allowing any bill presented by the
said Robert Smith, justice of the peace for office rent, but
overruled the motion for judgment on the pleadings as to the
first cause of action seeking an injunction against any future
action of the board in acting upon its order making the pre-
cinct a salaried precinct. The court also overruled the de-
murrer of plaintiff in error to the answer of the defendant
in error. Upon trial on the issues joined as to said first
cause of action of the petition, the court found for the de-
fendant in error, and the plaintiff in error seeks a reversal
of that judgment.

The action of the court below in disposing of the motion
for judgment on the first cause of action for the plaintiff,
and in overruling his demurrer to the answer of the defendant
may be reviewed with the evidence, as merely the questions
of law involved in the case were passed upon by the trial
court in the disposition of the preliminary questions, and the
facts alleged in the pleadings are substantially those proven
on the trial. It appears that the dispute in this case is as
to the effect of the order of the board of county commis-
sioners, and also its validity. It is insisted that the order of
the board was an attempt to increase the emoluments of the
said Robert Smith as a public officer after his election and
appointment, in violation of the inhibition contained in
Sec. 32 of Art. 3 of the Constitution, to that effect, and the

case of Burns v. Board of Commissioners, 3 Wyo., 691, is invoked as decisive of the case at bar. It is further maintained that the order of the board was retroactive and indefinite, and void for uncertainty.

While the order of the board of commissioners declaring the precinct a salaried precinct is not precise or exact in its terms, as it does not state the population of the precinct or determine the amount of the salary of Smith as justice of the peace, the subsequent action of the board determines that. His salary fixed was evidently allowed at the rate of $750 per annum, the lowest amount fixed by statute as a salary in any precinct. Under the terms of the constitution, justices of the peace must be paid fixed and definite salaries in precincts having a population of 1,500 or more, but in precincts containing less than that population they are to receive fees. Where a salary is received by a public officer, he must account for and pay into the county treasury of the proper county all fees received by him in the discharge of his official duties. Con. Wyo., Art. 14, Secs. 1-2. The statute enacted to carry into effect this constitutional provision provides fees for justices of the peace in precincts containing less than 1,500 population, and salaries for such officers in precincts containing more than that number of people, and these salaries are graded according to population; those in precincts containing between 1,500 and 3,000 people being fixed at $750 per annum, and those in precincts containing over 3,000 people at $1,200 per annum. Chap. 55, Sess. Laws 1890-91, Secs. 11-12. As a guide for ascertaining the population of a precinct, this statute declares in Sec. 14 thereof that: "Number of inhabitants or population of a precinct for the purpose of this chapter shall be ascertained by a reference to the census thereof by the United States or the State of Wyoming, whichever shall have been last taken. In precincts in which the official records of the census as aforesaid do not show the population, or the population cannot be ascertained therefrom, the presumption shall be, until overcome by satisfactory evidence to the board of county commissioners, that the population thereof is less than fifteen hundred."

The "evidence satisfactory to the board" is that of two of its members. One of them was registry agent of the election district, which was the same in territorial extent as a justice's precinct, and which contained two polling or voting precincts. He was a resident of Rock Springs, and stated to the board that the registration of voters in the election district for the two voting precincts thereof at the election of 1892, in which Smith was elected justice of the peace, which was co-extensive with the limits of the election district, and which is called the south side justice's precinct, was 751. This of itself, applying the ordinary rules of computing the total population from the voting population, would seem to indicate that the election district or justice's precinct contained a population of over 1,500, even taking into account the fact that the elective franchise was exercised by women as well as men. But the reason for the action of the board is based upon the further fact that according to the decennial Federal census of 1890, the last official census, whether state or national, that was taken, the town of Rock Springs contained a population of 3,300, and that two-thirds of this population was to be found in the south side justice's precinct, established on October 6, 1892. This fact, with the additional one that the town has largely increased since the census of 1890, would seem to be decisive of the matter, and to show that the population of the justice precinct of the south side of Rock Springs contained a population largely in excess of 1,500 at the time of the general election of 1892, when Robert Smith was elected justice of the peace of said precinct or election district.

This evidence adduced before the board, coupled with the intimate knowledge of a majority of the county board of the population of the town of Rock Springs, would seem to be "satisfactory evidence." It is tolerably clear, under the statute, that the population of the election district and justice's precinct could be ascertained from the census of 1890, as the whole population of the town was shown to be 3,300, while that of the justice's precinct was two-thirds of that, or 2,200, taking into consideration the fact that there had been no de-

crease of the population of this flourishing community between the time of taking the census and the election of 1892.

No effort was made on the part of the plaintiff in error to show that the commissioners erred in the determination of the fact that the justice's precinct contained over 1,500 population at the election of 1892, when Smith was elected a justice of the peace. The complaint is made that the board did not proceed upon satisfactory evidence. It is not claimed that the precinct contained a population of less than fifteen hundred at the time of Smith's election. In the absence of proof showing that the board erred in its determination of the fact, we think that its action ought not to be set aside. The evidence was deemed satisfactory to the board. True, it might not have been deemed sufficient in a court of justice in an original action therein, but it is clear that the board acted honestly, with authority derived from the statute, and with sufficient knowledge to determine the matter. Until the determination of the board of the matter upon evidence satisfactory to it, the presumption was that the precinct contained less than the required population for a salaried precinct, but this presumption could be rebutted at any time. The ascertainment of the fact of the population of the precinct was as it existed at the time of the election of Smith as justice of the peace, not of the date of the order of the board, or as of February 1, 1893, when it was directed to take effect. There was no increase of the salary or emoluments of the official after his election or appointment. The salary was based upon the existence of the requisite population at the time of the election to make the precinct one where a salary could be paid to the precinct officers, instead of fees. It is shown that the salary was larger than the fees would have been. But as the precinct was entitled to be made a salaried one at the time of the election of Smith, and subsequent action of competent authority declared it to be so, notwithstanding the order of the board recites that it was to take effect from the 1st of February, 1893, instead of at the time of the commencement of his official term on the 4th of January preceding, we do not think that there was an

increase of the emoluments of the official after his election and appointment, as the order of the board must be construed as taking effect from the commencement of the term. The whole matter is to be determined by the existence of a fact occurring at or immediately before the election of the official, not a fact existing at the time of making the order, and in this respect the case is clearly distinguishable from that of Burns v. Board of Commissioners, supra, where it was held that a fact occurring after the election of the officer and during his official term—that is, the increase of the assessed valuation in the property of the county—could not serve to increase the salary of the officer, which was determined by the assessed valuation of the county as it existed at the time of his election. Monroe v. County of Luzerne, 103 Pa. St., 278; Apple v. Crawford Co., 105 Id., 303, cited in Burns v. Board of Commissioners, supra. The order of the board, so far as Smith is concerned, making the office a salaried one from February 1, 1893, about a month after the beginning of Smith's official term, may have been caused by the fact which appears in the evidence that Smith was absent from his precinct from the date of his qualification for the remainder of the month of January, 1893, and made no claim for his fees or salary for that month.

We are constrained to hold that the order of the board was based upon the population of the precinct at the time of the election of Smith, and not as of February 1, 1893, and that it should be so considered, and that Smith was and is entitled to a salary instead of fees, as in fact his precinct, but recently established, contained at the time of his election sufficient population to entitle its officers to a salary in lieu of fees, and that the determination of this fact, made within a reasonable time, by competent authority, was required by the law and the constitution itself, and is not to be considered as an attempt to increase or as increasing the emoluments of the officer after his election.

The judgment of the district court of Sweetwater county for the defendant in error must be affirmed.

CONAWAY and CLARK, JJ., concur.